Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Sheila Finnegan |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6912 | **DATE** | 8/11/2010 |
| **CASE TITLE** | Makowski vs. SmithAmundsen LLC | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, Defendant's Motion to Compel (113) is granted in part and denied in part.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendants, SmithAmundsen, LLC (the "Law Firm"), Glen E. Amundsen, and Michael DeLargy (collectively "Defendants") filed a Motion to Compel (113) seeking more complete answers to certain discovery requests as well as production of documents stemming from witness interviews. For the reasons discussed below, the motion is granted in part and denied in part.

### BACKGROUND

On February 4, 2008, Plaintiff was terminated from her position as Marketing Director for the Law Firm. She was on maternity leave at the time. On December 3, 2008, she filed a complaint alleging violations of Title VII and the Family and Medical Leave Act. Discovery closed on May 4, 2010. The case is set for trial before the District Judge on October 25, 2010.

### DISCUSSION

A..   Motion to Compel Full Responses to Discovery Requests

During discovery, Defendants sought to learn about oral and written communications that Plaintiff had with members of the Law Firm after she ceased going to the office in early November 2007. Defendants say that they sought this discovery for two reasons. First, with respect to damages, one of Plaintiff's claims is that she was entitled to, but did not receive, a performance bonus for the last quarter of 2007. Defendants will offer evidence that Plaintiff only worked in the office during the first month of that quarter. After this, in the beginning of November 2007, her doctor ordered her to be on bed rest for her pregnancy and, after the Thanksgiving holiday, she started her Family and Medical Leave. In support of her entitlement to a bonus, Plaintiff is expected to testify (as she did at her deposition) that she was working from home during

November 2007 and that most of the work involved oral and/or written communications with members and employees of the Law Firm. Hence, Defendants seek discovery concerning any such communications. Defendants also sought discovery of such communications because they say Plaintiff has made her communications with current and former employees of the Law Firm concerning alleged discrimination by the Law Firm the "centerpiece" of her allegations of pregnancy discrimination. (Mot. 4.)

Defendants' efforts to learn about these communications during Plaintiff's deposition and in written discovery served after the deposition. At her deposition, Plaintiff was asked to describe any oral and written communications with members and employees of the Law Firm after she stopped coming into the office in early November 2007. Defendants contend that, while she remembered certain specific alleged comments from conversations, she was "very vague on any other communications." (Mot. 2.) As a result, they served interrogatories in March 2010 that asked Plaintiff to describe with specificity each and every oral communications and written communication that she had with any current or former member and/or employee of the Law Firm from November 6, 2007 to the present. Defendants also served a request for all documentation of such communications. In response, Plaintiff generally referenced previously produced documents and the transcript of her deposition.

In their motion, Defendants ask that Plaintiff be required either to certify that all responsive information and documents already have been provided, or to supplement the discovery responses so that they are complete. Plaintiff responds that the discovery is overbroad in that it seeks to compel Plaintiff to catalogue each and every communication that she had with any current or former member and/or employee of the Law Firm over a three-year period regardless of subject matter. (Resp. 10-11.) She also takes issue with the claim that she was "very vague" in her deposition testimony and contends that it is unfair to expect Plaintiff to recall with precision every communication that she had with co-workers over the past three years. She argues that it would be burdensome for her to review every document and encounter and attempt to detail the contents of a great number of conversations. Finally, she argues that Defendants waited too long to file the motion to compel because discovery closed on May 4, 2010 and the motion was filed on May 12, 2010.

As a preliminary matter, this Court declines to find that the motion to compel is time-barred because Plaintiff has not identified any specific federal or local rule that requires such a motion to be filed prior to the close of discovery. Nor has she identified any order of this Court or the District Judge, or any agreement of the parties, that imposed this deadline. Under all of the circumstances, we find that the motion was filed within a reasonable time and that Plaintiff has not been prejudiced by the fact that it was filed on May 12th instead of May 3rd (prior to the close of discovery).

With respect to the scope of the discovery requests at issue, the Court agrees with Plaintiff that the requests are overbroad because there is no subject matter limitation. Defendants say they seek the discovery to learn whether Plaintiff had work-related discussions while at home in November 2007 (relevant to whether she really was working at home and entitled to a bonus), and whether she spoke with others about alleged discrimination against Plaintiff and others at the Law Firm. Therefore, the Court will grant the motion to compel only as to communications on or after November 6, 2007 pertaining to these two topics. This limitation will lessen the burden on Plaintiff in complying. At the same time, it will allow Defendants to obtain the information that they require to avoid any unfairness were Plaintiff to testify about communications on these topics at trial without prior disclosure during discovery. Plaintiff must also produce any notes that she (not her attorneys) made of such communications, any telephone or cell phone bills in her possession that relate to the communications and any other documents recording information regarding these communications.[1] Plaintiff must provide the supplemental responses by September 1, 2010. Alternatively, Plaintiff may provide a certification that her responses to the discovery requests (as narrowed

by the Court) are complete.

B. <u>Motion to Compel Witness Affidavits and Related Materials</u>

Defendants served discovery to learn whether Plaintiff's counsel had obtained or created any witness statements and to discover details concerning such witness statements (e.g., names of witnesses, dates when statements were given). Defendants also requested production of documentation of any such statements. On January 22, 2010, Plaintiff responded that she had already produced all the non-privileged written witness statements in her possession.

In March 2010, Plaintiff produced a draft and unsigned affidavit for non-party witness, Carrie Von Hoff, which contained handwritten notes made by Ms. Von Hoff. Plaintiff withheld a draft affidavit prepared for another third party witness, Kathy Lengiewicz, based on the attorney work product doctrine. According to Plaintiff, Ms. Lengiewicz (unlike Ms. Von Hoff) was not given a copy of counsel's draft affidavit and did not make notations on the draft. Instead, Plaintiff's counsel read to her from the draft affidavit, and Ms. Lengiewicz confirmed or corrected counsel's understanding of her experience as an associate at the law firm." (Resp. 5.) During a subsequent deposition of Ms. Lengiewicz, she reportedly testified that Plaintiff's counsel, Luke DeGrand, had read each paragraph in the affidavit to her so that she could confirm whether the information was correct.

During the Lengiewicz deposition, Plaintiff's counsel, Teresa Frisbie, referenced the prior statements that the witness allegedly made to another of Plaintiff's attorneys, Luke DeGrand:

> Q: Did you tell Luke DeGrand that you believed that the Defendants in this case discriminated against you because of your pregnancies and maternity leaves?
>
> A: I told him I didn't have the – to me that was a legal conclusion that I didn't have the basis to make.
>
> Q: Did you tell him that you thought you were treated differently than the male associates?
>
> A: No, no – No, I didn't say that, no.
>
> Q: Did you say words to those – that effect?

While the witness was answering the last question, counsel for Defendants objected to the entire line of questioning because Plaintiff had refused to produce the draft affidavit and any notes of the meeting with Ms. Lengiewicz. (Dep. 49-50.)

On June 11, 2010, after the pending Motion to Compel was filed and in response to questions from this Court, Plaintiff's counsel confirmed that they do not intend to seek admission at trial, or use for impeachment purposes the draft affidavit prepared for Ms. Lengiewicz. Plaintiff's counsel also confirmed that counsel does not intend to testify at trial regarding the draft affidavit or the circumstances surrounding its creation. What Plaintiff's counsel did not say was whether, in questioning Ms. Lengiewicz at trial, counsel would seek to impeach her based on statements allegedly made to counsel or otherwise use those statements.

## STATEMENT

Defendant's motion to compel seeks the draft affidavit for Lengiewicz and any notes made by Plaintiff's counsel of discussions with this witness. Alternatively, they seek to bar Plaintiff from introducing or using in any manner at trial, including for impeachment, any information obtained during interviews of Ms. Lengiewicz and related documentation in the form of notes, affidavits, or draft statements.

The Court grants this aspect of Defendants' motion since, during Ms. Lengiewicz's deposition, Plaintiff's counsel made testimonial use of, and partially disclosed to opposing counsel, the information obtained during the interview of this witness. As the Supreme Court explained in *United States v. Nobles*, 422 U.S. 225, 239 n.14 (1974):

> What constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances. Counsel necessarily makes use throughout trial of the notes, documents, and other internal materials prepared to present adequately his client's case, and often relies on them in examining witnesses. When so used, there normally is no waiver. But where, as here, counsel attempts to make a testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination and production of documents.

Under the circumstances presented here, the Court finds that Plaintiff must produce the draft affidavit, interview notes, and other documents describing what Ms. Lengiewicz said to Mr. DeGrande, unless Plaintiff enters into a stipulation that she will not use the witness's prior statements (and any documentation of them) in any manner at trial, including for impeachment. To the extent that Plaintiff opts to produce the documents in lieu of the stipulation, counsel may redact attorney mental impressions from the notes.[2]

The Court will not require Plaintiff to produce draft affidavits or other documents pertaining to other witnesses who may have been interviewed since these are protected by the work product doctrine and, at this juncture, the Court is not persuaded that Defendants have a substantial need for the materials or that Plaintiff has waived the protection. Of course, this could change, particularly if Plaintiff were to make testimonial or other use of information obtained from witnesses at trial or otherwise. While Plaintiff need not produce these materials, the Court will require her to supplement her privilege log in the following manner: To the extent that (1) Plaintiff's counsel possesses a document reflecting statements made by a third party to Plaintiff's counsel (or to agents of counsel) concerning the matters alleged in the Complaint, and (2) the document was given to, read to (in whole or part), or reviewed by, the third party, and (3) Plaintiff's counsel potentially will refer to any of the third party's statements or documents reflecting same at trial for any purpose (e.g., to refresh recollection or for impeachment), then Plaintiff must identify the documents on the log. The log should identify the author of the document, the date it was created, the person who made the statements reflected in the document, and the type of document (e.g., notes, draft affidavit, email). The supplemental privilege log should be provided to Defendants by August 25, 2010.

In conclusion, as set forth above, Defendants' Motion to Compel is granted in part and denied in part.

---

1. Plaintiff need not produce metadata for any such documents. To the extent that documents are produced and Defendants are able to show a need for metadata for particular documents, they may renew the request for metadata after first attempting to reach agreement with opposing counsel.

2. If redactions are made, counsel must provide the Court with an unredacted copy of the notes and indicate what portions have been redacted.