# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Sheila Finnegan |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6912 | **DATE** | 5/9/2012 |
| **CASE TITLE** | Laura Makowski vs. SmithAmundsen LLC, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has filed a motion to compel documents withheld on claim of privilege. For the reasons set forth below, the motion is denied.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

# STATEMENT

On February 4, 2008, Plaintiff was terminated from her position as Marketing Director for the Defendant Law Firm. She was told that her position was being eliminated pursuant to an organizational restructuring. The next day, the second-in-command in the Marketing Department unexpectedly announced her intention to leave the Law Firm. At that point, Defendants began searching for a new hire to run the marketing department rather than offering the position to Plaintiff. Plaintiff filed a complaint alleging violations of Title VII and the Family and Medical Leave Act (she was on maternity leave at the time of her termination).

During the course of discovery, Plaintiff requested Defendants to conduct a search for emails and other electronically stored information (ESI) responsive to her document requests that Defendants felt was unjustifiably broad.[1] Ultimately, and at the urging of Magistrate Judge Mason, the parties compromised and reached an agreement on all but two aspects of a search protocol. On March 31, 2010, they informed Judge Mason of their agreement and asked him to decide the remaining issues: (1) the date by which the search was to be concluded and responsive materials produced; and (2) whether back-up tapes needed to be searched. (Doc. 87, at 2-3). On April 13, 2010, Judge Mason ruled that Defendants were to produce the ESI on a rolling basis, completing the production by April 28, 2010 (this Court later extended the deadline to May 3, 2010), and that Defendants were required to search certain backup tapes. (Doc. 94; Doc. 102).

Defendants hired an outside vendor to assist with a keyword search of ESI. The purpose of such a search is to narrow the universe of ESI that a party must review when attempting to locate emails and other materials that are responsive to document requests. Such a process is necessary because it typically is not feasible or cost effective for a party to read each and every email in a computer system to try to find the ones that are responsive to a discovery request. But unfortunately, even a well-designed and tested keyword

**STATEMENT**

search has serious limitations.  Chief among them is that such a search necessarily results in false positives (irrelevant documents flagged because they contain a search term) and false negatives (relevant documents *not* flagged since they do not contain a search term).

In this case, approximately 4,000 emails (some with attachments) were identified using such search terms as "woman," "female," "gender," "market," "replace," "unfair," and "treat."  Defendants contend that most of the documents that were flagged as containing one of the search terms have nothing to do with the issues in the lawsuit.  For example, some relate to legal work done for clients of the Law Firm.  Others discuss personal health information of employees. Plaintiff has identified at least some emails, however, that were produced and appear to be relevant. (Doc. 186, at 5-6). (*See also* Doc. 199 (denying Plaintiff's Second Motion *in Limine* and Motion for Sanctions [Doc. 111] relating to documents produced the day before, or in some instances after, discovery closed)).

Rather than cull out the non-responsive and irrelevant documents prior to the production on May 3, 2010, it appears that Defendants opted to produce all of the documents that were flagged during the keyword search with certain exceptions.  Defendants withheld approximately 876 of the documents, identifying them on two logs.  The logs identify each withheld document as falling into one or both of two categories: (1) materials claimed to be protected by the attorney-client privilege and/or attorney work product protection; and (2) materials containing specified information that Defendants consider to be confidential and that, at least in some instances, was ruled by Magistrate Judge Mason to be irrelevant.[2]  The logs also contain an asterisk next to those documents that Defendants contend "relate to the claims of Laura Makowski."  Only 16 of the 876 documents that were withheld are identified as relating to Plaintiff's claims.

Plaintiff now moves to compel the production of all but thirteen of the 876 withheld documents.[3]

**DISCUSSION**

A.  <u>Arguments of the Parties</u>: In support of her motion to compel the withheld documents, Plaintiff argues that the Category 2 documents on the logs cannot be withheld since no claim of privilege has been asserted as to these materials.  Plaintiff observes that there is a protective order in place to protect information that is deemed confidential.[4]  As for the Category 1 documents on the logs, Plaintiff contends that Defendants have failed to justify their claims of attorney-client privilege and/or attorney work product protection since (1) many of the documents do not appear to involve an attorney; (2) the subject matter is insufficiently described to warrant protection; (3) the logs fail to identify with whom the communications have been shared (some of the entries list only one or two recipients and then state "*et al*"); (4) the logs fail to distinguish between materials withheld on a claim of attorney-client privilege and those withheld on a claim of attorney work product; (5) they do not identify any basis for concluding that the withheld materials either involve confidential communication for the purpose of securing legal advice or were prepared in anticipation of litigation; (6) while some of the emails involve attorneys, those attorneys are members of Defendant Law Firm and appear to have been involved in the subject communications for that reason and not because they were called upon to provide protected legal advice or participate in confidential communications; and (7) a number of emails involving Law Firm members have been waived.

Defendants argue that Plaintiff is attempting to obtain highly confidential documents that have no relevance to the case and, in some instances, were the subject of prior motion practice and rulings by Magistrate Judge Mason.  Defendants contend that Judge Mason previously ruled that the Law Firm's financial information and the personnel information of individuals who had no connection to the matter were not discoverable and Plaintiff is trying to circumvent those rulings.

**STATEMENT**

  B. <u>Non-Responsive Documents</u>: As a preliminary matter, the Court need not consider the above arguments as to any withheld document that is not responsive to one of Plaintiff's document requests. This Court will not waste time assessing the adequacy of a privilege log or the applicability of a claim of privilege as to irrelevant documents that happen to contain a search term but have nothing to do with the issues in this lawsuit. Non-responsive documents need not be produced by Defendants, so it matters not whether those documents are privileged. Even non-privileged materials may be withheld if they are not responsive to one of Plaintiff's document requests. And it would be pointless for this Court to spend time evaluating the applicability of a privilege claim for a document that Plaintiff never asked for and that is completely irrelevant to the issues in this case (but contains a search term). While Plaintiff complains that she should not have to rely on Defendants' assessment of whether a document is relevant or not, this is the way the discovery process works. A party requests specific types of documents and the responding party conducts a search for and review of those documents, producing only what is responsive. It should also be noted that this Court conducted an *in camera* review of each of the withheld documents that was specifically identified in Plaintiff's brief (ones that Plaintiff felt were "likely relevant...and responsive to her document requests") to ensure that Defendants were not improperly withholding documents. Based on this sampling, the Court is satisfied that Defendants have not done so.[5]

  The motion to compel is denied as to any document identified on the logs that is not responsive to one of Plaintiff's document requests.

  C. <u>Responsive Documents Subject to Prior Rulings</u>: The motion to compel is denied without prejudice as to any document that, while responsive to a document request, has been withheld by Defendants based on a prior ruling of Magistrate Judge Mason. Defendants are to specifically identify for Plaintiff any responsive documents that are being withheld on this basis so that Plaintiff has an opportunity to challenge the withholding of the document if she believes the document is not covered by the prior ruling.

  D. <u>Responsive Documents Withheld Based on Privilege</u>: According to Defendants, sixteen of the documents that were withheld relate to Plaintiff's claims. Each of these has been withheld as a privileged attorney-client communication that occurred in the spring of 2008 after Plaintiff filed her EEOC charge and retained counsel. The emails pertain to such topics as the EEOC charge, the mediation in the EEOC proceeding, and settlement discussions. Based on the Court's *in camera* review of these sixteen documents, the Court finds the documents to be privileged and therefore denies the motion to compel their production.[6]

  The Court is unaware of whether there are any other responsive documents that have been withheld based on a claim of privilege or work product protection. The sixteen documents addressed above were identified by Defendants on the logs as being the only entries that "relate to the claims of Laura Makowski." But Defendants may have a more narrow view than Plaintiff of what documents "relate" to her claims. Therefore, Defendants must examine the documents on the logs in relation to Plaintiff's own document requests when determining whether any additional Category 1 documents are responsive. To the extent that there are, Defendants must identify these entries for Plaintiff and supplement the logs if they do not indicate each of the bases for withholding such document and identify each recipient of the document. Plaintiff is then given leave to renew her motion to compel such documents if, after meeting and conferring with opposing counsel, she believes there is a legal basis for doing so.

  E. <u>Responsive Documents Withheld Solely Based on Confidentiality</u>: Responsive documents that are not protected by the attorney-client privilege or the work product doctrine, and that were not the subject of a prior ruling by Magistrate Judge Mason in Defendants' favor, must be produced even if they contain

**STATEMENT**

highly sensitive information. It appears that no such documents exist. To the extent that they do, these documents must be produced to Plaintiff for examination but Defendants may do so on an "Attorneys' Eyes Only" basis.

1.    Defendants already had searched for and produced certain ESI materials prior to this; however, Plaintiff was not satisfied with the manner and scope of the search and production.

2.    The privilege log describes Category 2 in this way: "Email contains information related to Defendant SmithAmundsen and/or its members' financial data, including billing rates, billing hours, income, and revenues; the identities of current and/or potential clients of Defendant SmithAmundsen; internal non-public (*i.e.*, not disclosed to anyone other than an employee or member of Defendant SmithAmundsen) marketing efforts that identify clients or potential clients of Defendant SmithAmundsen; birthdates, addresses, telephone numbers, social security numbers, drivers license numbers and similar identifying information, and compensation and benefit information, of current and former members and/or employees of Defendant SmithAmundsen; and family information, performance evaluations, disciplinary actions, personal health information, complaints, investigations, and settlement and/or severance agreements related to non-parties."

3.    Plaintiff has withdrawn the motion to compel as to 13 documents for which the "subject" identified in the logs contains the words "peer review." (Doc. 186, at 7). Defendants have indicated that some of the documents that were withheld reflect the Law Firm's work for other clients. On the logs, such documents are described either with the client's name or the words "peer review." (Doc. 179, at 2). Oddly, Plaintiff has not withdrawn the motion to compel as it relates to *all* such documents but only those where the words "peer review" (rather than the client's name) is reflected on the privilege logs.

4.    Plaintiff also offered to afford the Category 2 documents "Attorneys' Eyes Only" treatment.

5.    The Court is familiar with the underlying facts in this case from having conducted a full-day mediation, as well as from reviewing the complaint and numerous discovery motions filed with Magistrate Judge Mason and this Court. The Court has also reviewed the pleadings in connection with Defendants' motion for summary judgment.

6.    For reasons set forth in a separate Order entered today, the Court also rejects Plaintiff's argument that Defendants have waived the privilege.