UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| LAURA A. MAKOWSKI, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 08 C 6912 |
| SMITHAMUNDSEN LLC; | ) |
| GLEN AMUNDSEN, and | ) Judge John W. Darrah |
| MICHAEL DELARGY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Laura Makowski objects to the following orders entered by Magistrate Judge Finnegan on May 9, 2012: (1) order and accompanying opinion, granting in part Defendants' Motion to Compel (Dkt. Nos. 194, 195); (2) order and accompanying opinion, denying Plaintiff's first motion *in limine* (Dkt. Nos. 196, 197); (3) order and accompanying opinion, denying Plaintiff's second motion in *limine* (Dkt Nos. 198, 199); (4) order, denying Plaintiff's motion to compel documents withheld on the claim of privilege (Dkt. No. 258); and (5) order and accompanying opinion, denying Plaintiff's supplemental motion to compel (Dkt. Nos. 259, 260.)

### BACKGROUND

Plaintiff filed a Complaint against Defendants, alleging that Defendants terminated her employment because of her pregnancy, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.*, and that Defendants interfered with and retaliated against Plaintiff for her exercise of her FMLA rights. On

February 4, 2008, Plaintiff was terminated from her position as Marketing Director for SmithAmundsen LLC (the "Law Firm"). While Plaintiff was on maternity leave, Plaintiff was told that her position was being eliminated pursuant to an organizational restructuring. The next day, Plaintiff's second-in-command in the Marketing Department, Sara Goddard, unexpectedly announced her intention to leave the Law Firm. At that point, Defendants began searching for a new hire to run the marketing department, rather than offering the position to Plaintiff. Now before the Court are Plaintiff's objections to five orders issued by Judge Finnegan regarding discovery.

## LEGAL STANDARD

This matter is governed by Federal Rule of Civil Procedure 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).[1] "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus., Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) (*Weeks*); *see also United States v. Gypsum*, 333

---

[1] As discussed below, Plaintiff also argues that the *de novo* standard of review, pursuant to Rule 72(b), applies to two of her objections.

U.S. 364, 395 (1948). To prevail on her objections, Plaintiff must show that Judge Finnegan's decision to deny the motions to compel the discovery requested was clearly erroneous or contrary to law.

## ANALYSIS

Plaintiff glosses over the applicable legal standard that this Court must follow when considering objections to a magistrate judge's non-dispositive order. (*See* Dkt. No. 2.) The clearly erroneous standard, which applies to at least three of Plaintiff's five objections, is a particularly high bar for Plaintiff to meet. *Rawat v. Navistar Int'l Corp.*, No. 09 C 50236, 2011 WL 6097772, *1 (N.D. Ill. Dec. 5, 2011); *Nat'l Educ. Corp. v. Martin*, No. 93 C 6247, 1994 WL 233661, at *1 (N.D. Ill. May 26, 1994) ("The Federal Rules thus establish a high hurdle for those seeking to set aside magistrate judge orders on non-dispositive issues."). The *de novo* standard, which Plaintiff argues applies to two of her objections, is "not meant to compel the [district] judge to conduct a new hearing" and instead means that the district judge must "give fresh consideration to those issues to which specific objections have been made." 12 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3070.2 (2d ed. 1987 & Supp. 2011).

For the reasons set forth below, Plaintiff has failed to present any meritorious arguments in favor of sustaining Plaintiff's objections to Judge Finnegan's thoughtful and well-reasoned rulings.

### *Objections to Order Nos.194 and 195*

Defendants filed a Motion to Compel Plaintiff to respond to a discovery request for communications Plaintiff had with current and former members of the Law Firm after

3

she ceased going into the office. Judge Finnegan granted Defendants' Motion to Compel. Plaintiff argues that this ruling was in error because Defendants' request was overboard. (Mot. at 9.) In her ruling, however, Judge Finnegan acknowledged that Defendants' discovery request was overboard and limited the discovery request to two discrete categories of communications. (Dkt. No. 195 at 2.) Plaintiff argues that "[s]uch a court-issued re-writing of defendants' discovery requests after the close of discovery was not warranted." (Mot. at 9.) Plaintiff's argument is without support; notably, Plaintiff cites to no federal rule or case that prohibits a court from imposing such a limitation. Plaintiff's objection is overruled.

*Objections to Order Nos. 196 and 197*

Judge Finnegan denied Plaintiff's First Motion *In Limine* and Motion for Spoliation Sanctions. Plaintiff argues that the *de novo* standard of review applies to the review of the rulings as to Plaintiff's First Motion *In Limine* and Plaintiff's Second Motion *In Limine* (Dkt. N. 100). "Some courts hold that discovery sanctions are nondispositive matters and therefore that a district judge reviews only for clear error a magistrate judge's imposition of such sanctions." *See United Central Bank v. Kanan Fashions, Inc.*, No.10-cv-331, 2011 WL 4396856, *1 (N.D. Ill. Sept. 21, 2011) (collecting cases). Other courts hold that the *de novo* standard applies when magistrate judges impose sanctions. *See Mintel Intern. Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 691 (N.D. Ill. 2009) (citing *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996)). In conducting *de novo* review of a magistrate judge's report and recommendation, a district judge "is not required to conduct another hearing to

review the magistrate judge's findings or credibility determinations." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). However, the district judge must give "fresh consideration to those issues to which specific objections have been made." *Wasserman v. Purdue Univ.*, 431 F. Supp. 2d 911, 914 (N.D. Ind. 2006). The Court need not decide which standard applies because under either standard, Plaintiff's conclusory objections are wholly inadequate.

Before leaving the Law Firm, Goddard gave an exit interview to the firm's Director of Human Resources, Molly O'Gara, in which Goddard was highly critical of Plaintiff's management style and performance as Marketing Director and cited this as a reason for leaving the Law Firm. Plaintiff argued that Defendants allowed evidence relating to this interview to be permanently lost or destroyed. This included O'Gara's handwritten notes of the Goddard exit interview (which were never produced by Defendants) and the electronic version of one of O'Gara's two typewritten summaries of the Goddard exit interview. Plaintiff sought, as a sanction, an order precluding Defendants from presenting evidence at any hearing, trial, or dispositive motion papers regarding the Goddard exit interview and her criticisms of Plaintiff.

To impose sanctions for not preserving documents, Plaintiff bears the burden of showing, among other things, that Defendants willfully breached a duty to preserve materials and that Plaintiff is prejudiced by the claimed breach. *Larson v. Bank One Corp.*, No. 00 C 2100, 2005 WL 4652509, at *9 (N.D. Ill. Aug. 18, 2005). Judge Finnegan held that Plaintiff had not demonstrated either element. (Dkt. No. 197 at 3.) A party asserting spoliation must show by "clear and convincing evidence" that the

opposing party intentionally destroyed evidence. *Rodgers v. Lowe's Home Ctrs., Inc.*, No. 05 C 502, 2007 WL 257714, at *7 (N.D. Ill. Jan. 30, 2007) (citing *Miksis v. Howard*, 106 F.3d 754, 763 (7th Cir. 1997)).

Plaintiff argues that Jude Finnegan's ruling was in error because "the record contains an adequate showing of fault to support" Plaintiff's request for the evidentiary sanction. Plaintiff's argument is unpersuasive; she cites no record evidence to support her position. Further, the cases Plaintiff cites, in which courts issued spoliation sanctions, are factually distinguishable and thus not persuasive. In *Krumwiede v. Brighton Associates, L.L.C.*, No. 05-cv-3003, 2006 WL 1308629, at *8-9 (N.D. Ill. May 8, 2006), the court found that the plaintiff "continued to delete, alter, modify, and access thousands of files after being put on notice that the contents of the laptop computer were the subject of litigation." Similarly, in *Plunk v. Village of Elwood, Ill.*, No. 07-cv-88, 2009 WL 1444436, at *12 (N.D. Ill. May 20, 2009), the court found that there was "some credible evidence here that someone deliberately erased or replaced [the] tape recording" at issue. Here, there is no such evidence of any intentional destruction of evidence by Defendants.

Plaintiff also makes the conclusory assertion that Judge Finnegan erred in finding that Plaintiff was not prejudiced from the claimed breach. But Plaintiff fails to articulate any specific argument. To the contrary, as Judge Finnegan noted, Plaintiff deposed Goddard at length concerning what Goddard said to O'Gara during the exit interview and when. Plaintiff, with her unsupported, sweeping objection, has failed to establish – under either a *de novo* review or clearly erroneous standard – that her objections should be sustained.

*Objections to Order Nos. 198 and 199*

On August 11, 2010, Plaintiff filed a second Motion *In Limine* and Motion for Sanctions, seeking an order precluding Defendants from (1) using documents produced on the day before, or in some instances after, discovery closed and (2) calling or adducing testimony from witnesses disclosed on the last day of discovery. (Dkt. No. 199.) Judge Finnegan denied Plaintiff's Motion.

Plaintiff argues that Judge Finnegan's ruling, that Defendants' production of 4,000 documents did not warrant sanctions, was in error. Plaintiff's role in the production of the large number of emails should not be overlooked. Plaintiff made a electronically stored information demand, requesting that the Law Firm search the email accounts of ten individuals, using such broad search terms as "woman," "female," "treat," "gender," and "market." (*Id*. at 2; *see also* Dkt. No. 141 at 12. n.4.) Plaintiff argues that Judge Finnegan's "ruing renders all but impotent – at least as applied to defendants – the federal rules of civil procedure, their disclosure requirements and this Court's order setting a discovery cut-off." (Mot. at 7.) But Defendants timely produced the 4,000 documents the day *before* discovery closed, rendering Plaintiff's argument void of any persuasive effect.

Plaintiff's reliance on *Spina v. Forest Preserve of Cook County*, No. 98-cv-1393, 2001 WL 1491524, at *1 (N.D. Ill. Nov. 23, 2001) (*Spina*), to support an award of sanctions is misplaced because that case is factually distinguishable. In *Spina*, the defendant produced 1,688 pages of documents two weeks after the close of discovery and one week before trial was scheduled to begin. *Id*. at *3. The trial date was moved and

defendant subsequently produced 2,200 pages of documents five weeks before trial was scheduled to begin. In holding that sanctions were appropriate, the court observed the defendant's failure to offer an explanation for the late productions and noted that "there is no acceptable excuse for the [defendant's] decision to flaunt their recalcitrance to this Court." *Id.* at *4. Here, Defendants' *timely* production of documents, in response to Plaintiff's broad ESI demand, is not even remotely analogous to the circumstances presented in *Spina*.

Next Plaintiff argues that it was error for Judge Finnegan to rule that Defendants were not precluded from using documents that Defendants produced after the close of discovery at trial. Defendants produced a four-page 2003 performance evaluation of a former associate of the Law Firm two days after the close of discovery. Before Judge Finnegan, Defendants argued that they had produced a personnel file, containing the first page of this 2003 performance evaluation, as early as November 5, 2009. (Dkt. No. 199 at 2.) Defendants further noted that they were unaware that only the first page of the evaluation had been produced until Plaintiff used the evaluation as an exhibit at a deposition. Defendants then produced the remaining three pages, albeit two days after discovery closed. In denying Plaintiff's motion for sanctions, Judge Finnegan noted that Plaintiff failed, in her reply brief, to respond to Defendants' arguments. Any arguments raised by Plaintiff before this Court are, therefore, waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (*Melgar*) (arguments not raised in front of magistrate judge are forfeited). Plaintiff's motion for sanctions was also denied as to 29 pages of emails that Defendants produced approximately six weeks after the close of

8

discovery. Judge Finnegan reviewed the emails and held that "they appear to be tangential (at best) to the issues in this case." (*Id.* at 3.) Plaintiff has presented no meritorious argument upon which to set aside Judge Finnegan's ruling; her objections are therefore overruled.

Plaintiff also argues that Judge Finnegan erred in declining to impose sanctions on Defendants for supplementing their Rule 26(a) disclosures on the last day of discovery. Plaintiff's argument is a red herring. Rule 26(e) requires that:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A). Here, Defendants supplemented their Rule 26(a) disclosure with individuals who "otherwise [had] been made known to [Plaintiff] during the discovery process." *See id.* Therefore, Defendants only supplemented their disclosures out of an abundance of caution. (*See* Resp. at 10.)

In her ruling, Judge Finnegan thoroughly considered each of the eight additional persons disclosed by Defendants and explained how, specifically, Plaintiff was on notice of the individuals through the discovery process. (Dkt. No. 199 at 3-4.) Plaintiff has asserted no persuasive argument in her instant Motion to set aside Judge Finnegan's ruling. Further, Plaintiff's reliance on *Finwall v. City of Chicago*, 239 F.R.D. 504, 505 (N.D. Ill. 2006) (*Finwall*), is not persuasive. There, plaintiff disclosed four expert

witnesses in the last two weeks of the discovery period. The district court overruled plaintiff's objections to the magistrate judge's ruling, excluding plaintiff's expert reports and opinions. Logically, in *Finwall*, the defendant could not seek to depose plaintiff's expert until after they received plaintiff's expert reports and opinions. Thus, the defendant suffered prejudice by plaintiff's last-minute disclosure. By contrast here, as set out in Judge Finnegan's ruling, Plaintiff had notice of each of the eight individuals disclosed in Defendants' supplemental disclosures and, thus, had an opportunity to take his or her deposition before the close of discovery.

Plaintiff argues that Judge Finnegan failed to address the prejudice that Plaintiff would suffer from these rulings.[2] (Mot. at 7.) But it is clear that Plaintiff has not suffered any prejudice, as Judge Finnegan's well-reasoned and thoughtful opinion demonstrates. In sum, Plaintiff has asserted no grounds, under either the clearly erroneous or *de novo* standard of review, to set aside Judge Finnegan's rulings.

*Objections to Order No. 258*

Judge Finnegan denied Plaintiff's motion to compel documents that Defendants withheld on claim of privilege. (Dkt. No. 258.) Defendants' itemized the withheld documents in two privilege logs, which categorized the documents as falling into one or both of two categories: (1) materials claimed to be protected by the attorney-client privilege and/or attorney work-product protection and (2) materials containing

---

[2] Plaintiff also states that Judge Finnegan's ruling did not address who would pay for depositions taken after discovery closed. Plaintiff, however, did not seek any depositions or seek clarification regarding costs before Judge Finnegan. Plaintiff may not do so for the first time in her objection to a magistrate judge's order. *See Melgar*, 227 F.3d at 1040.

information that Defendants considered to be confidential. These documents consist of 876 documents, and Plaintiff moved to compel production of all but thirteen of these documents.

Plaintiff argues Defendants failed to properly supplement their privilege log in violation of Judge Finnegan's August 9, 2010 Order, directing Defendants to supplement their privilege log. (Dkt. No. 193.) Thus, Plaintiff argues, Judge Finnegan erred in not ordering Defendants to produce the materials withheld on claim of privilege that Plaintiff requested. (Dkt. No. 176.) In support, Plaintiff argues that Judge Finnegan "implicitly acknowledged the deficiencies with [D]efendants' privilege log (and revised privilege log)." (Mot. at 12.) Not only does Plaintiff misstate Order 258, but she has not identified any specific grounds for finding that Judge Finnegan's ruling is clearly erroneous or contrary to law.

To resolve any doubts, however, Plaintiff's argument will be addressed. At issue in Plaintiff's motion to compel were four categories of documents: non-responsive documents, responsive documents that may be withheld based on a prior ruling by Judge Mason; responsive documents withheld based on privilege; and responsive documents withheld solely based on confidentiality. (Dkt. No. 258 at 3.)

As to responsive documents that may be withheld based on a prior ruling by Judge Mason, Judge Finnegan held: "Defendants are to specifically identify for Plaintiff *any responsive* documents that are being withheld on this basis so that Plaintiff has an opportunity to challenge the withholding of the document if she believes the document is not covered by the prior ruling." It logically follows that if Defendants do not locate any

11

responsive documents, they need not identify any documents. As Defendants state in their Response, they did not supplement their log because there are no such responsive documents. (Resp. at 13.) Therefore, Plaintiff's argument has no merit.

As to responsive documents withheld based on privilege, Defendants represented to Judge Finnegan that only 16 of the 876 documents at issue related to Plaintiff's claim but that each had been withheld on the basis of attorney-client privilege. The court conducted an *in camera* review and concluded that each of these documents was indeed protected by the attorney-client privilege. Further, the court held:

> The Court is unaware of whether there are any other responsive documents that have been withheld on a claim of privilege or work product protection. . . . Defendants must examine the documents on the log in relation to Plaintiff's own document requests when determining whether any additional Category 1 documents are responsive. *To the extent there are*, Defendants must identify these entries for Plaintiff and supplement the logs if they do not indicate each of the bases for withholding such document and identify each recipient of the document. Plaintiff is then given leave to renew her motion to compel such documents, if after meeting and conferring with opposing counsel, she believes there is a legal basis for doing so.

(Dkt. No. 258 at 3 (emphasis added).) As a threshold issue, to the extent Plaintiff believes that Defendants have not complied with the order, the proper method of raising an objection is to renew her motion to compel before Judge Finnegan rather than asserting an objection in the district court. In any event, like the above ruling, this ruling contemplates a scenario where Defendants do not locate any further responsive documents and thus have no obligation to supplement their privilege log. Plaintiff does

12

not indicate that she has contacted Defendants to inquire if this is the case. In sum, Plaintiff has not identified any basis to find Judge Finnegan's ruling clearly erroneous.

Next, Plaintiff argues that Judge Finnegan erred in ruling that Defendants had not waived the attorney-client privilege. For the reasons discussed below regarding Order Nos. 259 and 260, issued concurrent to 258, this objection is overruled. Plaintiff also argues that Judge Finnegan erred in premising her ruling on Defendants' assertions that certain documents were not "relevant," because she mistakenly "liken[ed] defendants['] statement as to what they deem relevant with an assertion of what is responsive." (Mot. at 13.) Plaintiff's argument is meritless. Judge Finnegan conducted an *in camera* review of documents that *Plaintiff* identified as being "likely relevant . . . *and* responsive to her document requests" and was assured, based on this sampling, that the Defendants had not improperly withheld documents. (Dkt. No. 258 at 3 (emphasis added).)

In sum, Plaintiff has not set forth any meritorious objections; accordingly, each of Plaintiff's objections is overruled.

*Objections to Orders 259 and 260*

Judge Finnegan denied Plaintiff's supplemental motion to compel production of all documents related to Defendants' communication with outside counsel regarding the decision to discharge Plaintiff and/or to implement an "organizational restructuring" ("Minute Order 259" and "Order 260"). (Dkt. No. 259, 260.) Plaintiff argued that Defendants had waived the attorney-client privilege because (1) they relied on their consultations with outside counsel to support summary judgment and on appeal and

13

(2) their Director of Human Resources, Molly O'Gara, disclosed the contents of those communications to Plaintiff.

Plaintiff argues that Judge Finnegan erred by relying upon the decision in *Robinson v. Morgan Stanley*, No. 06-cv-5158, 2010 WL 1050288, at *1 (N.D. Ill. Mar. 17, 2010) (*Robinson*). In *Robinson*, the court held that the defendant did not waive the attorney-client privilege or attorney work-product protection when it disclosed the summary of an internal investigation as an exhibit to a filing. *Robinson*, 2010 WL 1050288, at *4. Rather, the court held that the disclosure was an "opaque reference to attorney involvement and thus does not constitute a waiver." *Id.*

Plaintiff argues that *Robinson* "did not address the situation where, as here, the defendant made an affirmative use of the communications with outside counsel in its motion for summary judgment." (Mot. at 6.) Plaintiff presumably refers to paragraph 33 of Defendants' statement of facts and the deposition testimony cited therein. (*See* Dkt. No. 257 at 3-4.) In her Supplemental Motion to Compel, Plaintiff argued that in paragraph 33 (and the deposition testimony cited therein), Defendants "intended to convey that the decision to fire Makowski had the blessing and approval of an outside expert in the field of labor and employment law." (*Id.* at 4.)

Plaintiff's argument is unpersuasive because she misstates Judge Finnegan's ruling. Judge Finnegan rejected Plaintiff's assertion that Defendants "affirmatively" used deposition testimony that described the content of consultations with attorneys in their summary judgment briefs. (*See* Dkt. No. 260 at 15.) In rejecting this argument, Judge Finnegan noted that the "actual contents of Defendants' Facts was much more

14

limited" than Plaintiff argued. (*Id.* at 11.) After reviewing paragraph 33 and Defendants' briefs, Judge Finnegan noted that Defendants did not cite paragraph 33 in their summary judgment memos or make any argument regarding the involvement of outside counsel.

Furthermore, Plaintiff misrepresents the *Robinson* case when she argues that in *Robinson*, the court "specifically noted that it would be a different result if the communications at issue were to be used as evidence at trial." (Mot. at 6.) This language is drawn from the court's citation of a case and the corresponding parenthetical. The point the *Robinson* court was making is that "a waiver would depend on *whether* the defendants make an affirmative use" of the materials at issue. *Robinson*, 2010 WL 1050288, at *5 (emphasis added). Accordingly, Judge Finnegan held: "*On these facts, the Court is not convinced that Defendants invoked an advice-of-counsel defense before the district judge sufficient to waive the attorney-client privilege.*" (Dkt. No. 260 at 12 (emphasis added).) Plaintiff's objection is overruled as she has not demonstrated that Judge Finnegan's ruling was clearly erroneous or contrary to law.

Next Plaintiff argues that Judge Finnegan erred when she held that Defendants did not invoke their discussions with outside counsel on appeal because they were only responding to Plaintiff's argument. On appeal, Plaintiff argued that Defendants did not follow their own internal procedures because they did not confer with O'Gara before terminating Plaintiff's employment. In response, Defendants stated:

> As the Firm typically does when it separates someone from the Firm, the Executive Committee decided to seek legal advice regarding this decision and the others that were made during the January 2008 Retreat . . . . That task was delegated to DeLargy to perform, which he performed . . . . Therefore, no discriminatory or retaliatory motive can be

15

in[f]erred as [Plaintiff] suggests.

Plaintiff argues Defendants' statement was a "non-sequitur" and "does not explain why it (allegedly) did not consult its own human resources director." (Mot. at 7.)

Plaintiff's argument is contrary to the facts. Defendants' above statement does provide an explanation. As Judge Finnegan noted, "Defendants denied that they had a practice or policy of consulting O'Gara in such circumstances, and reasonably informed the court that the typical procedure actually was to consult with outside counsel." (Dkt. No. 260 at 13.) As the Seventh Circuit held in Lorenz v. Valley Forge Ins. Co., 815 F.2d 1095, 1098 (7th Cir. 1987), "[t]o waive the attorney-client privilege by voluntarily injecting an issue in the case, a defendant must do more than merely deny a plaintiff's allegations." The Court of Appeals was applying Indiana law, which appears to be similar to Illinois law. See Grochocinski v. Mayer Brown Rowe & Maw LLP, 251 F.R.D. 316, 326 (N.D. Ill. 2008). Again, Plaintiff's objection is overruled as she has not demonstrated that Judge Finnegan's ruling was clearly erroneous or contrary to law.

Last, Plaintiff argues that Judge Finnegan's ruling – that Defendants did not waive the attorney-client privilege when O'Gara allegedly disclosed to Plaintiff O'Gara's discussions with outside counsel – is "wrong." (Mot. at 9.) Again, that Plaintiff disagrees with Judge Finnegan's ruling does not mean that the ruling is clearly erroneous or contrary to law. In her Supplemental Motion to Compel, Plaintiff argued that O'Gara waived the attorney-client privilege when O'Gara told Plaintiff that outside counsel had come up with the "organizational restructuring label" in order to cover the fact that Plaintiff was fired due to her pregnancy and FMLA leave. (Dkt. No. 260 at 15.)

16

Judge Finnegan held that this was not sufficient to find waiver because there is a factual issue as to whether O'Gara actually made this statement to Plaintiff. Notably, O'Gara denies making such statements. Plaintiff now argues that Judge Finnegan's ruling is "not appropriate" because Plaintiff's testimony "regarding *other* aspects of her conversation with O'Gara is corroborated by the other evidence in the record." (Mot. at 10 (emphasis added).) Plaintiff does not argue – nor can she – that there is no factual dispute as to what O'Gara said or did not say to Plaintiff regarding O'Gara's discussions (if any) with outside counsel. Accordingly, Judge Finnegan's ruling is not clearly erroneous. Judge Finnegan's decision to deny Plaintiff's Supplemental Motion to Compel was well within the scope of her discretion, and neither the decision itself nor the rationale for it leaves this Court "with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections to Orders of Magistrate Judge [205, 261] are overruled.

Date: August 3, 2012

JOHN W. DARRAH
United States District Court Judge